## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2020, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Emily A. Szczepkowski | Lierin A. Rossman |
| Shilts & Setlak, LLC | Stucky, Lauer & Young, LLP |
| Fort Wayne, Indiana | Fort Wayne, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis Stuttle, | May 22, 2020 |
| *Appellant-Respondent,* | Court of Appeals Case No. 19A-DN-2905 |
| v. | Appeal from the Huntington Superior Court |
| Rebecca Stuttle, | The Honorable Jeffrey R. Heffelfinger, Magistrate |
| *Appellee-Petitioner* | Trial Court Cause No. 35D01-1705-DN-332 |

**Crone, Judge.**

## Case Summary

[1]     The trial court found Travis Stuttle in contempt of court for changing the beneficiary of his life insurance policy in purported violation of a settlement

agreement with his ex-wife Rebecca. On appeal, Travis argues that the contempt order is erroneous. We agree and therefore reverse and remand.

## Facts and Procedural History

[2] The relevant facts are undisputed. Travis and Rebecca were married and had two children. Travis is the owner of a veterans' and servicemembers' group life insurance policy, for which the children were the designated beneficiaries. Rebecca managed the policy online and paid the premiums. In May 2017, Rebecca petitioned to dissolve the marriage. In December 2017, Travis and Rebecca entered into a settlement agreement that reads in pertinent part as follows:

> The parties agree that [Rebecca] shall assume the VSGLI life insurance policy and shall pay all premiums on said life insurance policy. The parties' children shall remain as the sole beneficiaries of said policy. In the event that this assumption is not permitted under terms of the policy, [Travis] shall maintain ownership of the life insurance policy and shall pay the premiums.

Ex. Vol. at 11. The agreement was approved and incorporated into the dissolution decree by the trial court judge.

[3] In July 2019, Rebecca filed a verified request for rule to show cause asserting that Travis had changed the policy's log-in information, denied her access to the policy, and told her that he could change the beneficiaries. The trial court magistrate held a hearing, during which it was established that Rebecca could not assume the policy and that Travis had changed the beneficiary designation

to his current wife. Travis agreed to reimburse Rebecca for the premiums that she had paid to date. Tr. Vol. 2 at 18.[1] In September 2019, the magistrate issued an order that reads in pertinent part as follows:

> The Court finds [Travis] in contempt of Court for changing the beneficiary on the insurance policy. [Travis] is Ordered to change the beneficiary back to the children within ten (10) days of this Order.
>
> The Court further orders [Travis] to reimburse the insurance premiums [Rebecca] has paid, as the policy was not assumable, in the amount of $1509.00.
>
> The Court Orders [Rebecca] be granted access to the policy.
>
> The Court awards reasonable attorney fees of $750.00 incurred by [Rebecca] to be paid by [Travis].

Appealed Order at 1. Travis filed a motion to correct error, which was deemed denied. This appeal ensued.[2]

## Discussion and Decision

Travis argues that the trial court erred in finding him in contempt because the settlement agreement does not preclude him from changing beneficiaries and

---

[1] Travis has included a copy of the hearing transcript in his appellant's appendix in violation of Indiana Appellate Rule 50(F). Also, contrary to Appellate Rule 51(B), the contents of Travis's appendix are not arranged in the order listed in Appellate Rule 50(A)(2).

[2] Rebecca asserts that the contempt order is not a final appealable judgment because it was not approved by the trial court judge. Indiana Code Section 33-23-5-5, which outlines the powers of a magistrate, specifically states that a magistrate may punish contempt. The statute neither states nor suggests that a judge must approve a magistrate's contempt ruling in order for it to become a final appealable judgment.

because federal law gives him an absolute right to do so. "Whether a party is in contempt of court is a matter within the trial court's discretion, and its decision will be reversed only for an abuse of that discretion." *Copple v. Swindle*, 112 N.E.3d 205, 213 (Ind. Ct. App. 2018). "A court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law." *Id*.

[5]     We need not address Travis's argument regarding the trial court's interpretation of the settlement agreement, because even if that interpretation is correct, it is contrary to controlling federal law and therefore cannot stand. *See Ridgway v. Ridgway*, 454 U.S. 46, 59-60 (1981) (holding that federal Servicemen's Group Life Insurance Act, which "bestow[s] upon the service member an absolute right to designate the policy beneficiary" and to alter that choice at any time, "prevail[s] over and displace[s] inconsistent state law[,]" which in that case was a court order imposing a constructive trust on insurance proceeds resulting from a servicemember's change of beneficiary in contravention of a property settlement agreement).[3] Consequently, we reverse the trial court's contempt ruling and remand for further proceedings consistent with this decision.

---

[3] Given the facts and holding of *Ridgway*, we must reject Rebecca's unsupported argument that Travis waived his right to change beneficiaries by entering into the settlement agreement. The three dissenting justices in *Ridgway* might have been sympathetic to this argument, but their views did not carry the day.

Reversed and remanded.

Bailey, J., and Altice, J., concur.